IRVING D. ROSSHEIM, Trustee under the Mortgage or Deed of Trust, dated September 1, 1928, of Stanley-Crandall Company of Washington, a Delaware corporation,

*vs.*

STANLEY-CRANDALL COMPANY OF WASHINGTON, a corporation existing under the laws of the State of Delaware.

*New Castle, March* 29, 1933.

*Charles F. Curley*, for complainant.

*William H. Foulk*, for defendant.

THE CHANCELLOR: The requirement that the mortgagor shall provide and maintain use and occupancy insurance is designed for the purpose of protecting taxes laid on the properties and interest due on the bonds. The requirement of course involves a periodic expenditure of money by the defendant. There would be as little justification for decreeing a specific performance of the covenant in that behalf as there would be for decreeing specific performance of the covenant to pay the semi-annual installments of interest in case of default. The latter would plainly be an improper application of the remedy of specific performance. The former would be equally so.

As to the covenant by which the defendant obligated itself to furnish the trustee with a schedule showing all insurance in force on the first of January in each year, I can see no occasion for this court to enter a decree compelling its performance. If there has been a breach in this regard, the mortgage in its other provisions equips the trustee with power to declare a default and to take steps to enforce payment of the entire debt evidenced by all the bonds outstanding, together with interest and costs. The same observation applies also to the failure of the defendant to furnish and cause to be kept books for the registering of bonds. The trustee is made the registrar and transfer agent for the registering and transferring of bonds. The bill does not allege that any bonds were ever presented for

registration. Failure to furnish the books and causing them to be kept may therefore be entirely without injury to anyone.

No case has been citied to me holding that a court of equity should employ its remedy of specific performance in substance to enforce and supervise the performance of the covenants found in the elaborate terms of such indentures of mortgage as accompany corporate bond issues, of which the mortgage here is an instance. The mortgage itself contains all the remedies necessary for the protection of the bonds.

The demurrer will be sustained.